No. ——

First Circuit

FERGUSON v. LLANO DEL RIO CO.

---

(June 7, 1927. Opinion and Decree.)
(June 28, 1927. Rehearing Refused.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Associations—Par. 3, 8—Evidence—Par. 58, 59.

Upon proof of a receipt that a person deposited a thousand dollars ($1000.00)

with the intention of taking membership in the colony provided his health permits, the burden of proof is upon the officers of the colony to show that he did not take out such membership.

2. **Louisiana Digest—Associations—Par. 3, 8—Evidence—Par. 340, 342.**

Where the evidence and surrounding circumstances clearly show that plaintiff did not take out a membership in the colony, although he deposited a thousand dollars ($1000.00) with that idea in view, he did not become a member in the colony.

3. **Louisiana Digest—Interest—Par. 27, 30.**

Where a receipt for money deposited, bearing no interest, has the provision that thirty days' notice of intention to withdraw must be given, interest will be allowed thirty days after citation was served in suit by his heirs to collect the money.

4. **Louisiana Digest—Absentees—Par. 17.**

Under Article 1213 of the Civil Code, attorney for absent heirs is not a bonded officer of the court and has no authority to the possession and custody of the property of the absent heirs, but it extends merely to the preservation of the assets of the succession belonging to the absent heirs.

Appeal from the Parish of Vernon. Hon. Hal A. Burgess, Judge.

Action by P. L. Ferguson, attorney for absent heirs, against Llano Del Rio Company.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

P. L. Ferguson, of Leesville, attorney for plaintiff, appellee.

S. I. Foster, of Leesville, attorney for defendant, appellant.

LECHE, J. Plaintiff brings this suit in his capacity of attorney for absent heirs in the Succession of John Hoover. His right to act in that capacity is questioned by an exception on the part of defendant, but the record contains an order appointing him as such, which seems to be regular in form, and, in the absence of any evidence to the contrary, the exception was properly overruled.

John Hoover died during the month of May, 1923, in the Parish of Vernon, Louisiana, leaving some nine or ten heirs, all of whom are absentees from this state. His succession was opened, by whom, how and when, is not shown by the record of this case, though the proceedings in his succession were offered in evidence. Among the effects left by the deceased was the following document:

"To Whom It May Concern:

"This is to certify that Mr. John Hoover has deposited with the Llano Colony $1000.00 (one thousand dollars) to be used by the Colony for any Colony purposes until called for by himself. This money is not to bear any interest. It is deposited with the intention of Comrade Hoover taking a membership in the Colony, provided his health is such as to permit his being able to live in this climate.

"In the event he withdraws this money instead of taking out a membership, he is willing to give us at least thirty (30) days' notice.

(Signed) "LLANO CO. OF COLONY,
"Geo. P. Pickett."

According to the pleadings, the defendant is a corporation organized under the laws of Nevada and operates a colony or community in the parish of Vernon, in

this state. Its objects and purposes are not set forth or shown by the record in this case, and though it is admittedly a foreign corporation, it appeared by answer in this suit and does not deny having issued the receipt of one thousand dollars upon which plaintiff bases the present demand. So that there is no question here that defendant has subjected itself to the jurisdiction of a court of this state and it has admitted its authorship of the document in suit.

Upon the face of the receipt of deposit in suit, defendant is liable unless it can show that John Hoover did take out a membership in its colony. The burden of showing that he did take out such a membership and that the one thousand dollars was paid by Hoover and received by it as a consideration for such membership, rests entirely upon the defendant.

It was obviously the intention of John Hoover to become a member of defendant's colony, for there is no apparent reason and none is suggested why he should have deposited this sum of money with defendant. But that intention was coupled with the condition that his health should be "such as to permit his being able to live in this climate" in the parish of Vernon, Louisiana. The testimony as to Hoover's health, while in the parish of Vernon, is only of a general character, and even if it be conceded that it was good, that fact would not of itself relieve defendant of its liability, unless defendant could show that Hoover had persisted in and carried out his intention and that he had been actually admitted as a member in consideration of the one thousand dollars. The evidence on this phase of the case is also of a general character and is hazy. The admission of a member to an organized association should be easily susceptible of proof, especially when conditioned with a consideration of one thousand dollars or more. The records of the association, the acts and conduct of the applicant, his participation in the conduct of the affairs of the society, and numerous other circumstances should be available for this purpose. Defendant has failed to produce any such proof. The evidence at most only shows that other members of the colony thought he was a member and considered him as such. On the other hand, Hoover retained possession and custody of the receipt of deposit and his control of the receipt shows that his intention to become a member was never carried out.

We believe that the trial judge properly found as a fact that defendant is indebted unto the Succession of John Hoover in the sum of one thousand dollars.

There is also some question in argument as to whether Hoover gave the thirty days' notice of intention to withdraw his money. Tough Pickett, general manager of the Colony, says that he did not receive such a notice, Carl Hoover, a son of John Hoover, says that such notice was duly given. Whether notice was given by Hoover is of little importance, as citation in this suit serves the same purpose, and the only effect such notice could serve would be to fix the time at which legal interest on the claim would begin to run. Assuming, then, that the thirty days' notice was only given when citation was served, March 20, 1924, the delay expired on April 20, 1924.

This suit was properly instituted by the attorney for absent heirs under Art. C. C.

1213. It must be observed, however, that an attorney for absent heirs is not a bonded officer of the court, and, as such, he has no authority under the law to the possession and custody of the property of the absent heirs. His authority merely extends to the preservation of the assets of a succession which belong to the absent heirs. The defendant, therefore, upon payment of this judgment, is entitled to an acquittance and discharge either from the heirs themselves, their agent, or from a bonded curator duly appointed by the court.

For these reasons it is ordered that the judgment appealed from be recast so as to read that the Succession of John Hoover or his absent heirs do have judgment against and recover from the defendant the sum of one thousand dollars with legal interest thereon from April 20, 1924, and that, as thus recast and amended, it be affirmed, defendant to pay costs of both courts.